ASSERIN, Respondent, vs. MODERN BROTHERHOOD OF AMERICA, Appellant.

*November 17—December 5, 1911.*

*Appeal: Review: Findings by jury: Benefit insurance: Payment of dues: Application for reinstatement: Signature.*

1. Findings by a jury will be disturbed on appeal only where there is no evidence to sustain them, or where the weight of evidence is against them and is so reinforced by all reasonable probabilities and inferences that it becomes overwhelming.
2. In an action upon a benefit certificate which defendant claimed had become void because of nonpayment of dues, findings by the jury to the effect that the assured had seasonably paid the dues in question, and that an application for reinstatement purporting to be signed by the assured was not in fact signed by her, are sustained upon conflicting evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

The defendant is a foreign fraternal beneficiary corporation, and on November 30, 1905, issued its certificate of mem-

bership to one Margaret Haas, agreeing thereby, in consideration of the payment of regular monthly dues, to pay out of its mortuary fund to the plaintiff (the mother of the insured) a sum equal to one full assessment on all members in good standing, but not exceeding $1,000, within ninety days after receipt of satisfactory proofs of death of the insured. The insured died May 30, 1909, and proofs of death were immediately furnished. The defendant, however, refused to pay any amount on the certificate, although admitting that one full assessment upon members in good standing would amount to the sum of $1,000. Thereupon the beneficiary brought this action, and the defendant answered, claiming that the insured failed to pay the monthly assessment which was payable in December, 1906, and thereby ceased to be a member in good standing, and that her certificate was thereby rendered void by its own terms. The defendant further alleged that the insured made written application for reinstatement February 15, 1907, and warranted that she was then in good health, whereas she was then suffering from consumption; that she was reinstated as a member and allowed to pay the past-due assessments or dues, but that such reinstatement was null and void, because based upon the said false warranty of health, such application containing the express provision that it was to be void in case such warranty were untrue.

The jury returned a special verdict as follows:

"(1) Did Margaret Haas pay the No. 12 monthly assessment and dues to Secretary Finn during the month of December, 1906? A. Yes.

"(2) Was Margaret Haas a member in good standing of the *Modern Brotherhood of America* at the time of her death on May 30, 1909? A. Yes.

"(3) Was the so-called certificate of health for application for reinstatement, which is dated February 15, 1907, signed by Margaret Haas? A. No.

"(4) At what sum do you assess plaintiff's damage? A. $1,000 and interest."

The defendant moved for judgment notwithstanding the verdict, also to change the answers to the questions of the verdict, and for judgment thereon as amended. It also moved to set aside the verdict, and for a new trial in case the preceding motions were denied. All these motions were denied, and judgment was rendered for the plaintiff on the verdict, from which the defendant appeals.

*Harry M. Silber,* for the appellant.

For the respondent there was a brief by *S. M. Williams* and *Porter & Hazelwood,* and oral argument by *Mr. Williams.*

WINSLOW, C. J. The defendant's contention is that a verdict for the defendant should have been directed, because it was conclusively proven that the insured failed to pay the December, 1906, dues at any time during that month. One Finn, the local secretary of the defendant, who collected the monthly dues, testified directly that the December dues were not paid during that month, and that Miss Haas made an application in writing for reinstatement February 15, 1907 (which application he produced), and that she was reinstated at that time upon payment of the unpaid dues, in reliance upon the representation in the application that she was then in good health. Finn also produced his books, and the entries therein tended to corroborate his statements with regard to the nonpayment of the December dues and the payment of all arrears of dues in February. It was admitted by the plaintiff that the insured was ill with consumption in February, 1907, hence it resulted that if in fact the insured defaulted in the payment of the December dues there could be no recovery, because the certificate was thereby rendered void by its terms and the reinstatement was vitiated by the false representation of health. The plaintiff claimed, however, that the December dues were in fact paid upon the first day of that month, and denied the authenticity of the alleged application for reinstatement. In support of her contentions she produced a

receipt for the December dues in regular form, dated December 1, 1906, and signed by Mr. Finn, likewise a receipt for the January, 1907, dues, dated January 1, 1907, and a receipt for the February, 1907, dues, dated February 15, 1907, and she testified on examination of the supposed application for reinstatement that the signature thereto did not look like her daughter's signature. She also produced another witness who was somewhat familiar with the signature of the insured, who testified that the signature to the application did not look like the signature which he had received from her in correspondence. No one saw her sign her name to the application, and the defendant's testimony on the subject was confined to that of an expert in handwriting, who from examination of the signature and comparison thereof with her admittedly genuine signature on the original application testified that in his opinion both signatures were written by the same person.

Were we approaching these questions as triers of the fact we might well find not only that the plaintiff had not proved her case by the preponderance of the evidence, but that the preponderance was clearly on the other side, but we do not approach them in that way. The issues of fact have been tried by the jury, and we cannot reverse the jury's findings unless there is no evidence to sustain them, or unless the great weight of the evidence is against them, and that weight of evidence is so reinforced by all reasonable probabilities and inferences that it becomes overwhelming. *Bannon v. Ins. Co. of N. A.* 115 Wis. 250, 91 N. W. 666. We cannot say that either condition exists here.

*By the Court.*—Judgment affirmed.